IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01690-PAB-MEH

GEORGE W. WALKER,

    Plaintiff,

v.

UNIVERSITY OF COLORADO BOARD OF REGENTS,

    Defendant.

_____

## RECOMMENDATION ON MOTION TO DISMISS
_____

Pending before the Court is Defendants' Motion to Dismiss [filed January 5, 2010; docket #38].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #39].  The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication.  For the reasons set forth below, the Court RECOMMENDS that Defendants' Motion to Dismiss be **granted in part and denied in part**, and that the Plaintiff be granted leave to file a Second Amended Complaint.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff, George Walker, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and to 42 U.S.C. § 1983, asserting violations of his Fourteenth Amendment rights to due process and equal protection. Plaintiff, proceeding *pro se*, initiated this suit on July 16, 2009; following an order by the Court, Plaintiff filed an Amended Complaint on August 7, 2009. (*See* dockets ##2, 4.) In essence, Plaintiff alleges Defendant Board of Regents discriminated against him based upon his race and color, and retaliated against him when the Board failed to appoint him President of the University of Colorado in 2008.[2]

In bringing his Amended Complaint, Plaintiff asserts that he "is a man of Anglo, Black, Jewish and Native American Indian ancestry who has tried to implement *Grutter v. Bollinger*, and other diversity based civil rights laws for years." Docket #4 at 3. Rather than articulating the facts underlying his claims in the Amended Complaint, Plaintiff relies on various attached documents, including forms and letters he drafted for the EEOC and letters he drafted to the University. *Id.* One of the attached documents is Plaintiff's "Statement of Discrimination" filed with the Colorado Civil Rights Division upon which his Amended Complaint is apparently based. *Id.* at 10. Thus, the Court must look to these documents to construe the Plaintiff's claims.

In response to Plaintiff's Amended Complaint, Defendant filed the present Motion to Dismiss arguing that Plaintiff's allegations are insufficient to meet the pleading requirements of

---

[2]The Plaintiff has brought similar allegations against Defendant in this Court in 1992 (*Walker v. Univ. of Co. Board of Regents*, Case No. 92-cv-00372-RPM) (summary judgment granted in favor of Defendant), 1997 (*Walker v. Univ. of Co. Board of Regents*, Case No. 97-cv-01119-ZLW) (dismissed for failure to prosecute), 2006 (*Walker v. Univ. of Co. Board of Regents*, Case No. 06-cv-02236-LTB-CBS) (dismissed for failure to prosecute), and 2007 (*Walker v. Univ. of Co. Board of Regents*, Case No. 07-cv-02628-LTB-MEH) (administratively closed).

*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009). Specifically, Defendant contends that Plaintiff not only fails to allege plausibly that he is qualified for the position of University President but also fails to assert sufficient facts to demonstrate that the Board impermissibly intended to discriminate or retaliate against him. Defendant seeks dismissal for Plaintiff's failure to state a claim against it.

Plaintiff counters that he was "ruled" as qualified to perform the position of University President by Colorado Civil Rights Division Director Jack Lang y Marquez in August 1991 and by Judge Richard Matsch in 1994. As for his claim that Defendant discriminated against him, the Plaintiff states "CU's long time pattern and practice of white supremacy and preferential treatment of Anglos has had a disperate [sic] impact on the Plaintiff, and all students and employees of CU for many years."[3] Docket #52 at 5. Regarding his retaliation claim, Plaintiff responds only "How can any rational, objective person who studies the entire record maintain that CU has not retaliated against the Plaintiff for engaging in protected civil rights activism?" *Id.* at 6.

## STANDARD OF REVIEW

**I.      Dismissal under Fed. R. Civ. P. 12(b)(6)**

According to the Supreme Court, Fed. R. Civ. P. 8(a), describing the requirements for stating a viable claim for relief, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[3]Although the Plaintiff has expressed concern over what he perceives to be discrimination against Chancellor M. Ray Wilson and "many strong candidates ... of protected class backgrounds," and has hinted that he intends to join such other persons in this action, the current Amended Complaint identifies no other Plaintiff and lists no class-based allegations. The Plaintiff may not sue in federal court to enforce the rights of others. Fed. R. Civ. P. 17(a).

relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted).

The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-50. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see*

*also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Plaintiff's claims are neither clearly articulated nor well organized in his Amended Complaint; nevertheless, the Court agrees with Defendant that Plaintiff has alleged discrimination and retaliation in violation of Title VII, and violations of the Due Process and Equal Protection Clauses of the U.S. Constitution. Thus, keeping the previously described legal principles in mind, the Court will analyze each of Plaintiff's claims in turn.

## I. Due Process Violation

Plaintiff asserts no factual allegations that would support a due process claim in this matter and, thus, any such claim should be dismissed pursuant to the Supreme Court's decision in *Iqbal*. However, construing his Amended Complaint broadly and assuming the Plaintiff intends to bring a due process claim based upon Defendant's failure to appoint him as University President, such claim likewise fails. A constitutional claim of deprivation of due process depends upon the existence of a property or liberty interest. *Board of Regents v. Roth*, 408 U.S. 564, 576-77 (1972). Courts determine the existence of a property interest by looking to state law. *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1983). The Plaintiff identifies, and the Court has found, no laws in Colorado providing Plaintiff a property or liberty interest in being considered for prospective employment as the President of the University of Colorado. Therefore, the Court recommends that Plaintiff's due process claim (if any) be dismissed for failure to state a claim.

## II. Title VII/Equal Protection Discrimination

Where, as here, the Plaintiff alleges the same disparate treatment under both Title VII and

the Equal Protection Clause, the analytical framework of the Plaintiff's claims are the same whether brought under Section 1983 or Title VII. *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1227 (10th Cir. 2007).

Individual employment discrimination claims are typically analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Orr v. City of Albuquerque*, 531 F.3d 1210, 1214 (10th Cir. 2008). Under the *McDonnell Douglas* framework, the initial burden is on a plaintiff to establish a *prima facie* case of discrimination. A plaintiff is not, however, required to meet this burden to survive a Rule 12(b)(6) motion. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) (*prima facie* case functions as "an evidentiary standard, not a pleading requirement"); *see also Twombly,* 550 U.S. at 569-70 (discussing this portion of *Swierkiewicz* and emphasizing that it remains good law[4]). The elements of a *prima facie* discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570); *see also Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (*Swierkiewicz* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each

_____

[4]Despite this language, one circuit court has concluded that "because *Conley* [*v. Gibson*, 355 U.S. 41 (1957)] has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Neither the Tenth Circuit nor any district court in this circuit has spoken on this issue; however, other circuit courts recently have applied *Twombly, Iqbal* and *Swierkiewicz* to analyze motions to dismiss discrimination claims. *See, e.g., Dolgaleva v. Virginia Beach City Public Schs.*, 2010 WL 325957, *6 (4th Cir. Jan. 29, 2010) (unpublished); *al-Kidd v. Ashcroft*, 580 F.3d 949, 974 (9th Cir. 2009); *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (applying *Twombly* and *Swierkiewicz* before *Iqbal* was decided). Therefore, without instruction from the Tenth Circuit otherwise, this Court will assume *Swierkiewicz* remains good law and applies to this case.

element of his claim).

The elements necessary to demonstrate a *prima facie* case of discriminatory failure to hire based on race are: (1) the Plaintiff belongs to a protected class, (2) the Plaintiff applied and was qualified for a job for which the employer was seeking applicants, (3) despite being qualified, the Plaintiff was rejected, and (4) after the Plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications. *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 982-83 (10th Cir. 2008) (citing *Garrison v. Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir. 2005)).[5]

There is no dispute that Plaintiff belongs to a protected class, applied for the open position of President for which Defendant was seeking applications, and was rejected in favor of a Caucasian candidate. However, Defendant contends that Plaintiff has failed to plead sufficient facts "demonstrating his ability to function as the President of the University of Colorado." Docket #38 at 9. Defendant states that Plaintiff's own subjective opinion of his candidacy for the position is irrelevant, and that the "ruling" Plaintiff references regarding his qualifications does not exist. *Id.*

The Court disagrees. While the Plaintiff did not specify his qualifications in the body of the Amended Complaint, he attached (as he is allowed to do, according to the pre-printed court form) a copy of his Statement of Discrimination filed with the Colorado Civil Rights Division. In that document, Plaintiff states, "when CU's all-white ... Board of Regents appointed Bruce Benson Pres. of CU they ignored-harmed George Walker"[6] and "C[harging] P[arty] Walker has a broader

---

[5]In their motion, Defendants incorrectly cite the "modified" version of the *McDonnell Douglas* framework that is applied to religious discrimination claims. *See Fischer*, 525 F.3d at 983.

[6]The Court omitted Plaintiff's description of the Board of Regents as "institutionally racist, white supremacy supporting" as an inflammatory legal conclusion that may be ignored. *Ashcroft*,

academic background, superior MCAT's & GRE's, more earned degrees, teaching experience, and a more varied work record than does Bruce Benson, but CP is not an Anglo." Docket #4 at 10. Defendant concedes that academic credentials, teaching and other employment are some of the factors considered in appointing a University President. Docket #38 at 9-10.

Moreover, Defendant's argument regarding the insufficiency of Plaintiff's subjective opinion about his qualifications is misplaced in this matter; the cases upon which Defendant relies for its proposition analyze evidence presented in a summary judgment motion and in a motion for judgment as a matter of law, as opposed to allegations presented in a complaint. *See Stover v. Martinez*, 382 F.3d 1064, 1073 (10th Cir. 2004) ("[plaintiff's] subjective belief that she was more qualified than [successful candidate] for the special assignment is insufficient, standing alone, to *preclude a grant of summary judgment* to [defendant] regarding this claim") (emphasis added); *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 988 (10th Cir. 1996) (in reversing the denial of a motion for judgment as a matter of law following trial, the Tenth Circuit found that plaintiff's subject belief regarding his qualifications was insufficient to *prove* intentional discrimination).

Furthermore, the Plaintiff's alleged failure to come forward with "proof" that a "ruling" exists finding that Plaintiff is qualified for the position of University President is not necessary at this stage of the litigation. Rather, the Plaintiff has stated sufficient allegations in his Statement of Discrimination (attached to the Amended Complaint) giving Defendants "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Consequently, this Court recommends denying the motion to dismiss as to the Title VII/Equal Protection claims and finding that Plaintiff's allegations, accepted as true, suffice to state

---

129 S. Ct. at 1949-50.

a plausible claim for race discrimination.

## III.     Title VII Retaliation

The Court applies the same analysis to determine whether Plaintiff has sufficiently stated a claim for retaliation against the Defendant, and recommends finding that he does not.

The elements necessary to establish a *prima facie* case of retaliation claim under Title VII are (1) the plaintiff's protected opposition under Title VII, (2) an adverse employment action against the plaintiff, and (3) a causal connection between the protected opposition and the adverse employment action. *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009).

Here, the only reference to a retaliation claim made by the Plaintiff in the Amended Complaint is his hand-written insertion in the pre-printed portion of the complaint form reflecting "retaliation" as a basis upon which the Plaintiff claims he suffered discrimination.  Docket #4 at 2.  There are no factual allegations supporting this claim either in the Amended Complaint or in the attached documents, including the Statement of Discrimination.   Plaintiff's rhetorical question, asked in his response to the within motion, "How can any rational, objective person who studies the entire record maintain that CU has not retaliated against the Plaintiff for engaging in protected civil rights activism?" does not save him.  Thus, under *Iqbal* and *Twombly*, the Plaintiff has failed to state a viable claim for retaliation under Title VII.   *Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)).  And, as Defendant suggests, it is possible that Plaintiff has failed to exhaust administrative remedies if the retaliation claim was not before either the CCRD or the EEOC before Plaintiff filed

this lawsuit.

Therefore, as currently alleged, this Court recommends that Plaintiff's Title VII retaliation claim be dismissed for failure to state a claim.

## IV. Leave to Amend

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon,* 935 F.2d at 1109-10. The Court may dismiss " *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] to amend [her] complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)). Because it is possible Plaintiff may cure the pleading deficiencies for his due process and retaliation claims, the Court recommends that Plaintiff be allowed to file an amended complaint within thirty (30) days of the District Court's Order.

## CONCLUSION

Here, Plaintiff has failed to state cognizable claims for retaliation under Title VII and the Due Process Clause; however, the Plaintiff has sufficiently alleged race discrimination claims for failure to hire under Title VII and the Equal Protection Clause. Accordingly, the Court RECOMMENDS that Defendants' Motion to Dismiss [filed January 5, 2010; docket #38] be **GRANTED IN PART AND DENIED IN PART** as follows:

1.     Deny the motion to dismiss Plaintiff's Equal Protection and Title VII discrimination claims;

2.     Grant the motion to dismiss *without prejudice* Plaintiff's Title VII retaliation and due process claims; and

3.     Grant the Plaintiff leave to amend the Amended Complaint within thirty 30 days of the District Court's order to cure the pleading deficiencies, if he can, of the Title VII retaliation and due process claims.

Respectfully submitted this 10th day of March, 2010, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge