IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01690-PAB-MEH

GEORGE W. WALKER,

    Plaintiff,

v.

UNIVERSITY OF COLORADO BOARD OF REGENTS,

    Defendant.

---

**ORDER ON MOTION TO REQUIRE THE DEFENDANT TO PRODUCE
DOCUMENTS IN ACCORDANCE WITH FED. R. CIV. P. 37(a)(1)**

---

Pending before the Court is Plaintiff's Motion to Require the Defendant to Produce Documents in Accordance with Fed. R. Civ. P. 37(a)(1) [filed June 4, 2010; docket #84]. The Defendant has responded, and further briefing or oral argument would not materially assist the Court in the adjudication of this motion. For the reasons set forth below, the Court **denies** the motion, albeit with some further action required by Defendant.

### BACKGROUND

Plaintiff, George Walker, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and to 42 U.S.C. § 1983, asserting violations of his Fourteenth Amendment rights to due process and equal protection. Plaintiff, proceeding *pro se*, initiated this suit on July 16, 2009; following an order by the Court, Plaintiff filed an Amended Complaint on August 7, 2009. (*See* dockets ##2, 4.) In essence, Plaintiff alleges Defendant Board of Regents discriminated against him based upon his race and color, and retaliated against him when the Board failed to appoint him

President of the University of Colorado in 2008.[1]

Plaintiff seeks five categories of documents. The first are minutes from a town hall meeting on December 5, 2007 (which Plaintiff incorrectly calls a "presidential search committee meeting"). Defendant represents that the minutes have been produced. Therefore, the motion is denied in this respect.

The second are transcribed tapes from the December 4, 2007 presidential search committee meeting (which Plaintiff incorrectly believes occurred on December 5, 2007). Defendant will produce these tapes upon prepayment by Plaintiff. Therefore, the motion is denied in this respect, but Defendant is directed to file with the Court, on or before July 2, 2010, a Status Report listing separately the tapes or CDs that are available, the *reasonable* cost for the tapes/CDs, along with a name/address/telephone number of the person who Plaintiff can contact to order the tapes/CDs. Plaintiff may choose either to pay or not.

The third is the transcribed statement the Plaintiff made at the January 23-24, 2008 Board of Regents meeting. Some material has been transcribed and, if so, has been produced to Plaintiff. Defendant will produce any remaining tapes upon prepayment by Plaintiff. Therefore, the motion is denied in this respect, but Defendant is directed to file with the Court, on or before July 2, 2010, a Status Report listing separately the tapes or CDs that are available, the *reasonable* cost for the tapes/CDs, along with a name/address/telephone number of the person who Plaintiff can contact to

---

[1] The Plaintiff has brought similar allegations against Defendant in this Court in 1992 (*Walker v. Univ. of Co. Board of Regents*, Case No. 92-cv-00372-RPM) (summary judgment granted in favor of Defendant), 1997 (*Walker v. Univ. of Co. Board of Regents*, Case No. 97-cv-01119-ZLW) (dismissed for failure to prosecute), 2006 (*Walker v. Univ. of Co. Board of Regents*, Case No. 06-cv-02236-LTB-CBS) (dismissed for failure to prosecute), and 2007 (*Walker v. Univ. of Co. Board of Regents*, Case No. 07-cv-02628-LTB-MEH) (administratively closed).

order the tapes/CDs.  Plaintiff may choose either to pay or not.

The fourth is Chancellor Wilson's transcribed statement from the January 23-24, 2008 Board of Regents meeting.  Some material from this meeting has been transcribed and, if so, has been produced to Plaintiff.  Defendant will produce any remaining tapes upon prepayment by Plaintiff.  Therefore, the motion is denied in this respect, but Defendant is directed to file with the Court, on or before July 2, 2010, a Status Report listing separately the tapes or CDs that are available, the *reasonable* cost for the tapes/CDs, along with a name/address/telephone number of the person who Plaintiff can contact to order the tapes/CDs.  Plaintiff may choose either to pay or not.

The fifth is Plaintiff's transcribed statement at the February 20, 2008 meeting where Plaintiff commented on Bruce Benson's appointment as President of the University of Colorado.  All available hard copy material (including any transcripts) have been produced to Plaintiff.  Defendant will produce any remaining tapes upon prepayment by Plaintiff.  Therefore, the motion is denied in this respect, but Defendant is directed to file with the Court, on or before July 2, 2010, a Status Report listing separately the tapes or CDs that are available, the *reasonable* cost for the tapes/CDs, along with a name/address/telephone number of the person who Plaintiff can contact to order the tapes/CDs.  Plaintiff may choose either to pay or not.

In complying with the order above, Defendant should separately identify the categories of materials available, along with the respective costs, so that Plaintiff may choose what he wants and what he does not.  Plaintiff must order the tapes/CDs, or not, **on or before July 15, 2010**.

Dated this 28th day of June, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge