IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01690-PAB

GEORGE W. WALKER,

    Plaintiff,

v.

UNIVERSITY OF COLORADO - ALL WHITE BOARD OF REGENTS,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Recommendation on Motion to Dismiss [Docket No. 63] filed by United States Magistrate Judge Michael E. Hegarty. Plaintiff alleges that defendant discriminated against him based on race, and also retaliated against him, by failing to appoint him to be the President of the University of Colorado. The Recommendation construed plaintiff's complaint as alleging "discrimination and retaliation in violation of Title VII, and violations of the Due Process and Equal Protection Clauses of the U.S. Constitution." *See* Docket No. 63 at 5.[1]

    Magistrate Judge Hegarty recommended, *inter alia*, that plaintiff's due process claim and Title VII retaliation claim be dismissed. Plaintiff filed his objections on March 25, 2010 [Docket No. 64]. Therefore, the Court will review *de novo* those aspects of the

---

[1] Plaintiff also invokes the "1991 Civil Rights Act including the Glass Ceiling provisions." Docket No. 4 at 5. However, it is not clear on what portion of the federal civil rights scheme plaintiff is relying. A Glass Ceiling Commission was established by Title II of the 1991 Civil Rights Act. Plaintiff does not explain, and the Court does not see, how that aspect of the federal civil rights laws provides him with a cause of action.

Recommendation recommending dismissal of plaintiff's claims. *See* Fed. R. Civ. P. 72(b). Moreover, because plaintiff is proceeding pro se, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).[2]

In regard to plaintiff's due process claim, Magistrate Judge Hegarty noted that a "constitutional claim of deprivation of due process depends upon the existence of a property or liberty interest" and that "Courts determine the existence of a property interest by looking to state law." Docket No. 63 at 5 (citations omitted). Magistrate

---

[2] Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Judge Hegarty found no Colorado law that provides plaintiff with "a property or liberty interest in being considered for prospective employment as President of the University of Colorado." Docket No. 63 at 5. In his objection, plaintiff does not specifically address this conclusion and fails to identify any basis to permit his due process claim to proceed. Nor do plaintiff's complaint, the attachments, or his opposition to the Recommendation contain any facts supporting a due process claim. As for plaintiff's Title VII retaliation claim, Magistrate Judge Hegarty correctly pointed out that plaintiff's amended complaint and the attached documents do not include any facts that would support his retaliation claim. *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").

Magistrate Judge Hegarty also recommended that defendant's motion to dismiss be denied as to plaintiff's Title VII and Equal Protection disparate treatment claims and that plaintiff be granted leave to amend his complaint within thirty days of entry of this Order. Defendant did not file any objections to the Recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In regard to the Recommendation as to plaintiff's disparate treatment claims, the Court is satisfied that there is "no clear error on the face of the

record."[3]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.

However, the Court will not accept the recommendation that plaintiff be granted leave to amend his complaint.  Defendant's motion to dismiss provided notice to plaintiff regarding the deficiencies in his due process and retaliation claims.  Nothing in plaintiff's complaint and its attachments, his response to the motion to dismiss, or his objections to the Recommendation indicate that he will be able to plead viable due process and retaliation claims.  Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 63] is ACCEPTED in part and REJECTED in part.  It is further

**ORDERED** that defendant's motion to dismiss [Docket No. 38] is GRANTED in part and DENIED in part.  Plaintiff's Equal Protection and Title VII discrimination claims survive defendant's motion.  Plaintiff's Title VII retaliation claim and his due process claim are dismissed with prejudice.

DATED August 16, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).