IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01690-PAB

GEORGE W. WALKER,

    Plaintiff,

v.

UNIVERSITY OF COLORADO BOARD OF REGENTS,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on the Recommendation on Defendant's Motion for Summary Judgment (the "Recommendation") [Docket No. 113] filed by United States Magistrate Judge Michael E. Hegarty on September 27, 2010. Magistrate Judge Hegarty recommends that the Court grant summary judgment in favor of defendant. Plaintiff has filed objections to the Recommendation.[1] Therefore, the Court reviews defendant's motion for summary judgment *de novo*, *see* Fed. R. Civ. P. 72(b)(3), and will review plaintiff's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City &*

---

[1] Plaintiff filed a document entitled "Plaintiff's Rambling Reply to Judge Hegarty's 9-27-2010 Order" [Docket No. 117].

*County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).  Having applied this standard of review to the record, the Court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

Plaintiff contends that defendant discriminated against him based on race and ethnicity when it did not hire him to be President of the University of Colorado in 2008. Plaintiff's claims invoke Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, and the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  Because plaintiff has identified no direct evidence of discrimination, the Court applies the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether circumstantial evidence of discrimination supports plaintiff's claims.  *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002); *see also Maldonado v. City of Altus*, 433 F.3d 1294, 1307 (10th Cir. 2006) ("In disparate-treatment discrimination suits, the

elements of a plaintiff's case are the same whether that case is brought under §§ 1981 or 1983 or Title VII." (quotations and alterations omitted)), *overruled on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

First, plaintiff must make out a prima facie case of discrimination. *See Garrett*, 305 F.3d at 1216. Plaintiff can make out a prima facie failure to hire case by showing that (1) that he belongs to a protected class; (2) that he was qualified for the position; (3) that he was not selected for the position; and (4) that a person of similar qualifications who was not a member of the protected class was selected. *Stahl v. Board of Cnty Comm'rs of the Unified Gov't of Wyandotte Cnty*, 101 F. App'x 316, 320 (10th Cir. 2004). The record evidence viewed in the light most favorable to the plaintiff does not support the conclusion that he was qualified for the position of President of the University of Colorado. For instance, plaintiff identifies no evidence that he had a "history of experience" demonstrating "leadership proficiencies" in any of the categories listed in the job description. *See* Docket No. 74-4 at 2. Thus, plaintiff fails to make out a prima facie case of discrimination.

If plaintiff had been able to make out a prima facie case of discrimination, the burden would then have shifted to defendant to offer a legitimate, non-discriminatory reason for its failure to hire plaintiff. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). Defendant has offered such a reason, namely, the superior qualifications of Bruce Benson, the candidate chosen to serve as President of the University. Plaintiff has offered no evidence suggesting that defendant's reason was pretextual, which is the final step in the analysis. *See Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). To show pretext, a plaintiff can

identify evidence that the defendant's reasons were "so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reasons were unworthy of belief."  *Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (citation and quotation marks omitted).  While plaintiff points to his allegations of higher test scores and greater education, the record is devoid of any "facts showing an overwhelming disparity in qualifications" in plaintiff's favor.  *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1211 (10th Cir. 2010) ("[T]o suggest that an employer's claim that it hired someone else because of superior qualifications is pretext for discrimination rather than an honestly (even if mistakenly) held belief, a plaintiff must come forward with facts showing an overwhelming disparity in qualifications." (citations and internal quotation marks omitted)). Therefore, it is

**ORDERED** that the Recommendation on Defendant's Motion for Summary Judgment [Docket No. 113] is ACCEPTED.  It is further

**ORDERED** that defendant's motion for summary judgment [Docket No. 74] is GRANTED.  Judgment shall enter in favor of defendant and against plaintiff on all claims.

DATED December 14, 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge